## HENRY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4211.

Circuit Court of Appeals, Third Circuit.

March 17, 1930.

Wm. Clarke Mason and John Russell, Jr., both of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John G. Remey, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, and·Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

This case and that of Houston v. Commissioner (C. C. A.) 39 F.(2d) 351, are alike, mutatis mutandis, on all facts save one claimed additional fact and are alike on the law except as affected by that fact.

When the Real Estate Trust Company of Philadelphia failed, Samuel F. Houston, joining the other directors, subscribed $755,-000 to a fund raised to restore its solvency, the fund to be used for the purpose and be returned to the contributors as set forth at length in Houston v. Commissioner, supra. Finding it financially inconvenient to pay the full amount of his subscription, he proposed to his mother and his two sisters— all holders of stock of the Trust Company— that they take participating interests in his subscription. This they did to the extent of $100,000, $200,000 and $150,000, respectively. Sallie H. Henry, ·the petitioner and the only one here concerned, handed her money to her brother and did nothing more in the matter. That was in 1906. Early in January, 1921, she received from· him her proportion of the shares of the Pennsylvania Sugar Refining Company which the Trust Company distributed as the equivalent of

money in returning to the contributors what was left of the fund.

Receiving the shares in 1921, realizing that she had suffered a loss and conceiving that she had sustained the loss when the transaction with her brother·was closed by the delivery of the shares to her, she subtracted their value at $150 (their admitted worth) from her $200,000 participation in her brother's contribution and deducted the difference as a loss in computing her taxable income for that year. The Commissioner disallowed the deduction and determined a deficiency tax of $100,870.29.

On her appeal the Board of Tax Appeals, in addition to the reason for approving the Commissioner's disallowance of a like deduction made by Samuel F. Houston in his income tax return for 1920, found that Samuel F. Houston was the agent of Sallie H. Henry, that as her agent he received her shares of the Pennsylvania Sugar Refining Company's stock in 1920, and held that through her agent she herself received the shares in that year and therefore her loss, if any, was sustained in that year and was not deductible in her return for 1921, even though the certificate for the shares did not reach her until then.

The decision in Houston v. Commissioner, supra, rules this case in all respects save that of agency. The agency in this case, if one existed, must be sought for and found in the transaction between the petitioner and her brother. That transaction was oral and most informal. It did not involve a contribution by the petitioner directly to the guaranty fund. It was rather a participation in her brother's contribution. She was not named among the contributors to the fund and her participation in her brother's contribution was included without reference to her. Of her participation the Trust Company knew nothing and further than this the petitioner did nothing. Her transaction being with her brother, she left everything "entirely in his hands," being informed, of course, of the purpose of her participation and of the risk of loss and the possibility of gain, the first of which she assumed and the latter of which she claimed.

The delivery of certificates of stock en bloc to Samuel F. Houston was, doubtless, fulfillment on the Trust Company's part of an obligation it owed him as the only disclosed participant in the fund. But the Trust Company did not deliver a part of the stock to him *for the petitioner.* It made the delivery to him as the only party to re-

ceive the shares by reason of the subscription in his name of $755,000 to the fund. This was the situation on the surface. But, as we are dealing with a loss claimed by Sallie H. Henry, something more had to be done before the transaction was closed as to her and before a gain or loss could be determined on her books. There had to be an accounting and delivery of her share of the stock by Samuel F. Houston before the transaction was completed with her. Admittedly he did not do this in the last two days of 1920; he did it in the first few days of 1921. Not until then was the transaction closed for it was not until then that she received any return whereby she could measure a loss on her 1906 venture. If after receiving the shares in 1921 she had claimed a loss as having been sustained in 1920, she would, except for a clear case of agency, have anticipated a loss measurable by property not yet accounted for and not yet in her hands. The evidence is too unsubstantial to prove agency.

We hold that the petitioner's loss was a deductible loss and was sustained by her in 1921 and was properly deducted in her income tax return for that year.

The order of redetermination by the United States Board of Tax Appeals is reversed, the additional tax determined by the Commissioner set aside and the income tax return of the petitioner, in so far as it is affected by the claimed deduction here in question, approved.